[No. 10371. Department One. September 17, 1912.]

JULIA DREWANEAK *et al.*, *Appellants*, v. WALVILLE LUMBER COMPANY, *Respondent.*[1]

MASTER AND SERVANT—FELLOW SERVANTS—TRANSMITTING SIGNALS. Where the head loader in loading logs on cars with a donkey engine usually gave the signals for the engineer to start the engine, but in case he could not see the engineer, he transmitted the signals through the second loader, the two are fellow servants, and recovery cannot be had for the death of the head loader through negligence of the other in signaling the engineer to start while the deceased was in a place of danger.

Appeal from a judgment of the superior court for Lewis county, Rice, J., entered March 20, 1912, upon granting a nonsuit, in an action for wrongful death. Affirmed.

*Bates, Peer & Peterson* and *Gus L. Thacker*, for appellants.

*Dysart & Ellsbury, C. D. Cunningham*, and *Forney & Ponder*, for respondent.

CHADWICK, J.—This is an action to recover damages for "death by wrongful act or neglect." Rem. & Bal. Code, § 183. The defendant company conducts a logging camp in Lewis county, and at the time of the accident complained of, the deceased and four other employees were engaged in loading logs on cars for transportation to the company's mill. The deceased was employed as head loader, and one Dyrkazc was second loader. The logs were loaded by means of a donkey engine, which was started, controlled, and stopped by signal from the two loaders. The signals were usually given by deceased, but in case the deceased was in a position where he could not see the engineer or spool-tender, he would transmit the signal to his fellow workman Dyrkazc, who in

[1]Reported in 126 Pac. 536.

turn transmitted it to the engineer. This case is prosecuted upon the theory that the deceased was killed by reason of a signal to start, given by Dyrkazc while the deceased was in a place of danger. One of the defenses interposed is that the deceased met his death through and because of the negligence of a fellow servant. From a judgment of nonsuit, the present appeal is prosecuted.

The case is controlled by *Frengen v. Stone & Webster Eng. Corp.*, 66 Wash. 204, 119 Pac. 193. In that case the plaintiff and a fellow workman were on the roof of a building under construction. They were taking in timbers, hoisted to the roof by means of a derrick operated by an electric motor. The operation of the derrick was controlled by signals, transmitted to the foreman below by the plaintiff or his fellow workman, usually by the latter. After reviewing many decisions of this court on the fellow servant doctrine, the court said:

"Under the uncontradicted testimony in this case, respondent did not depend upon the forman to signal him when the motor was to be started. The foreman, on the other hand, depended upon respondent and his fellow workman, Boyle, to tell him when he should direct the movement of the motor and derrick. The signal was not one coming to them upon which they should act. It was one proceeding from them upon which the foreman would act. If the foreman in this case directed the starting of the motor when respondent was in a position of danger, it was only after receiving a communication from Boyle—working alongside of respondent, engaged in the same endeavor to pull in the timber—that everything was all right and to go ahead. Boyle and respondent were engaged in the same work at the same time. Neither one had any supervision over the other. They acted in common, each had ample opportunity to observe the other. Respondent knew that the foreman would not start the motor after it had stopped, to permit them to obviate the difficulty of its landing, until Boyle had informed him that it was proper to do so. They answer every test of fellow servants. It is true that Boyle generally gave the signal, and that the foreman depended upon him to do so because of his greater experience.

There was no necessity of respondent and Boyle jointly giving the signal. The respondent knew that the foreman would act on Boyle's signal, and we cannot see why, knowing this, and knowing he was in a position of danger, he did not inform Boyle, when the foreman called, that he was not ready to have the cable moved. It seems to us it was his duty to do so, having for two weeks been engaged in the same work, and knowing during all that time that the foreman would act under Boyle's direction, and having had every opportunity to observe his method of communicating the signal to the foreman. We might add, what more could the master do than he has done here? He refused to act upon his own assumption that respondent and Boyle were ready, but required them to determine for themselves when they were ready. Their protection in this regard is placed in their own hands."

The present action is even stronger in favor of the respondent than the case cited, for in that case the signals were usually, if not always, transmitted by the fellow workman of the plaintiff, while here the contrary is true. That fact was the principal reason for the dissent of Chief Justice Dunbar, for in reference to the opinion of the majority, he said "I have no fault to find with the law as announced by the majority, but in my judgment, it has not been applied to the facts in this case. The opinion says, in the course of the statement, that the signal was generally, if not always, given by Boyle. This statement to be literally correct, should be a little more definite on this crucial question." The fact that the two servants in this case may have been a few feet further apart, or out of sight of each other, does not affect the legal principle involved. Notwithstanding that fact, their relationship to each other and their duties remain the same.

The judgment is affirmed.

GOSE, CROW, and PARKER, JJ., concur.